STATE OF MISSOURI, Appellant, *v.* JASPER N. ROGERS, Respondent.

1. *Crimes—Military.*—A soldier in the army of the United States may be indicted for robbery, and prosecuted in the courts of the State of Missouri.
2. *Criminal Practice—Indictment.*—It is not necessary that the name of the prosecuting witness should be endorsed upon an indictment for felony.
3. *Criminal Practice—Writ.*—A clerical error in the date of a writ of *capias* issued, or in the return of service, is no ground for quashing an indictment.

*Appeal from DeKalb Circuit Court.*

*J. C. Parker,* for appellant.

I. It is no reason to authorize a court to quash an indictment that the defendant was a soldier in the army of the United States at the time of his being indicted. A soldier is as much subject to civil law as a civilian, upon the principle that the military is, and in all cases, and at all times, ought to be in strict subordination to the civil power.

II. The failure of a clerk to enter upon an indictment the day of its return into court, does not entitle the defendant to his discharge. (State v. Clark, 18 Mo. 432.)

The court below erred in not permitting the clerk thereof to make an entry *nunc pro tunc,* so as to have the record of such court correspond with the facts. (State v. Clark, 18 Mo. 432; 10 Mo. 359.)

III. The name of the prosecuting witness is not required by the rules of practice in criminal cases to be endorsed on the back of the indictment, as such, in any case, except in cases of trespass against the person or property of another, not amounting to a felony. (R. C. 1855, p. 1170.)

IV. There are two separate counts, improperly and illegally joined, for separate offences in this indictment, but it is a good and sufficient indictment for robbery, including the charge of larceny.

*Moore & Rose,* for respondent.

I. The defendant being in the United States service, any

crime he might have committed while in such service was punishable alone by military court, unless he had been formally demanded, and the United States authorities saw fit to deliver him up to the State authorities, the United States authorities being superior to the State authorities.

II. Because the records show that the indictment was not properly filed with the clerk. It should be filed on the day it is presented by the grand jury, which certainly was not done unless Rogers was arrested under and by virtue of some other indictment.

III. The names of the prosecuting witnesses should have been endorsed on the indictment. (9 Mo. 268 ; 11 Mo. 510 ; 19 Mo. 224.)

IV. Because defendant was charged with both robbery and larceny, not properly joined so as to show that one was an ingredient or part of the other.

V. The record shows that it was impossible for the defendant to have been arrested for the offence charged in or by virtue of this indictment. He was arrested on the 8th of September, 1863, and the indictment was filed on the 9th day of September, 1863, at which time the writ issued.

HOLMES, Judge, delivered the opinion of the court.

The indictment was quashed on motion of the defendant. The reasons assigned for the motion were, in substance, as follows : 1. Because the defendant was a soldier in the United States army. 2. Because the indictment was never legally filed in court. 3. That the name of the prosecuting witness was not endorsed on the indictment. 4. That the writ was dated the 9th of September, 1863, and executed on the eighth day of September, 1863. 5. That two separate counts were improperly joined for separate felonies. 6. That the record did not show that the grand jury were sworn.

There was nothing in any of these objections. It did not appear on the face of the indictment that defendant was a soldier in the army of the United States, nor did it matter if he was a soldier. The indictment was in due form of law,

charging the offence of robbery, and contained but one count, and was duly returned into court, endorsed a true bill by the foreman of the grand jury. The record shows distinctly enough that the jury were properly sworn. It was not necessary that the name of the prosecuting witness should be endorsed on the indictment. It does not appear by anything contained in the record that there was even a clerical error in the date of, the writ or of the service; nor can any such mistake be a good reason for quashing the indictment. We think the court erred in quashing the indictment.

Judgment is reversed, and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.